Johnson vs. Holmes.

J. B. JOHNSON, plaintiff in error, vs. AMOS HOLMES, defendant in error.

A judgment for the purchase money of land, where the land has been sold for its satisfaction but does not fully discharge the debt, is not such an incumbrance or lien on the crop made on the premises which was matured and gathered before the levy on the land, as will defeat the right of the family of the vendee to the crop as an exemption, etc., under the homestead law.

Homestead. Incumbrance. Crops. Before Judge HILL. Twiggs Superior Court. April Term, 1873.

Johnson had an execution against Holmes levied upon his crop after it had matured and been gathered. Holmes filed an affidavit of illegality, setting up that the property levied on had been set apart to him as an exemption of personalty under the Homestead Act of 1868.

Upon the trial of the issue thus formed, the following facts were admitted to be true:

The execution was for the purchase money of a tract of land sold by plaintiff to defendant in the first part of the year 1870. After obtaining judgment, the defendant holding said land merely under a bond, the plaintiff filed a deed in the clerk's office as prescribed by the statute, levied on the land, and sold the entire title. The proceeds was not sufficient to satisfy the execution. The levy upon the crop was made on November 27th, 1872, to satisfy the balance. The crop was on the land at the time of the levy, but had been previously gathered. The defendant applied for an exemption of personalty in said crop on November 25th, 1872, and his application was approved by the Ordinary on the 9th of the ensuing December.

The Court charged the jury that if said personal property had been set apart and approved by the Ordinary, as an exemption of personalty to the defendant, then it was not subject to the satisfaction of said *fi. fa.*; that the Act making the land set apart for a homestead liable for the purchase money, did not extend to the crops made on and gathered off the land, and then exempted by the Ordinary.

Johnson *vs.* Holmes.

The jury returned a verdict in accordance with said charge. The plaintiff excepted to the charge and assigns the same as error.

JOHN T. GLOVER, by POE & HALL, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

The lien of a judgment for the purchase money of land, where bond for titles only is given, is, by statute, superior to all other liens. But it does not go beyond the land, so far as to its having any other priority over other judgments. If the execution issued thereon were levied on crops produced on the land by the defendant, and which had matured and been gathered, older executions would take in preference. Even if the defendant had produced many crops, and with them had purchased other property, the lien of the older judgments on that property would be superior to the vendor's judgment. Outside of the specific lien given to it by statute, we know of no other priority it has, either in law or equity. The case of *Tift vs. Newsom*, 44 *Georgia*, 600, does not conflict with this holding. That was a factor's lien, and by statute it had a special lien on the crop produced. The advances were made by the factor for the special purpose of making that particular crop. The *thing* made and levied on was the *very property* that the contract of the parties provided for making. Its production was the object of the contract, and for which the advances were made and the debt created. The lien by the contract, was on that particular thing so to be produced, and on nothing else. It may well have been said that it was "in the nature of purchase money." There the debt and lien were for the very *property* produced by the advances made. Here the debt was exclusively for the land. It has sold that land, having a superior lien over all others on the proceeds, but had no other priority.

Judgment affirmed.